UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

American Standard Inc.,

  Plaintiff,

vs.                Case No.  3:06-cv-893-J-32MCR

Curtis J. Humphrey,

  Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Production of Documents From Defendant Curtis J. Humphrey (Doc. 11) and Plaintiff's Motion to Compel Production of Documents from Non-Party, BMB Enterprises, Inc. (Doc. 12) filed March 13, 2007.  Defendant filed a response in opposition to this Motion on April 3, 2007.  Non-Party, BMB Enterprises filed its response (Doc. 17) April 10, 2007.  Accordingly, the matter is now ripe for judicial review.

## I. BACKGROUND

In this case, Plaintiff, American Standard, Inc., alleges Defendant, Curtis J. Humphrey, breached certain restrictive covenants contained in an agreement between the two.  Defendant was employed by Plaintiff until February 15, 2006 at which time, Defendant signed a severance agreement which provided him with a severance payment in the amount of $90,000.00 and contained non-compete and non-solicitation provisions.  Plaintiff alleges Defendant is now employed by BMB Enterprises, Inc.

("BMB"), a direct competitor of one of Plaintiff's divisions. Plaintiff alleges BMB was formed less than two months after Defendant left Plaintiff's employ, is owned by Defendant's wife and was operated out of Defendant's home until 2007. Defendant denies that BMB is a competitor of Plaintiff.[1]

On November 16, 2006, Plaintiff served Defendant with its First Request for Production in which it sought documents relating to BMB's business in order to determine whether BMB is a competitor. (Doc. 11, Ex. B). Defendant responded to the request for production and stated he did not have any responsive documents within his possession or control. (Doc. 11, Ex. C). Plaintiff filed the instant motion against Defendant asking the Court to find that Defendant is indeed in possession or control of the documents because they are in his own home. (Doc. 11). Defendant responded that as an employee of BMB "with no ownership interest and no officer status," he does not have the right to obtain and distribute BMB's property. (Doc. 16, p.4). As such, Defendant claims he does not have control of the documents.[2] Id. Additionally, Defendant asks the Court to award him attorney's fees for having to respond to Plaintiff's "unjustified" and "abusive" motion. (Doc. 16, p.5).

As a result of being unable to obtain the documents from Defendant, on January 25, 2007, Plaintiff served BMB with a subpoena duces tecum. BMB produced some

---

[1] Interestingly, while Defendant denies that BMB is a "market competitor of the Plaintiff," (Doc. 16, p.1), BMB readily admits that it and American Standard are competitors. (Doc. 17, p.2).

[2] Although Defendant uses strong language (such as "bare and wholly unsupported representation" and "fantastic") to describe Plaintiff's assertion that BMB's files are stored at his home, nowhere in his response does Defendant actually deny that the documents are in his home.

responsive documents but objected to producing documents relating to its product line, customers, and revenues. BMB takes the position that these documents need not be produced because they contain confidential information.

## II. ANALYSIS

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court. See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1.

In the instant case, as Defendant contends and BMB tacitly agrees the documents at issue are in the possession of BMB, the Court will begin with Plaintiff's Motion to Compel directed to non-party, BMB (Doc. 12).

A. **Plaintiff's Motion to Compel Production of Documents from Non-Party, BMB (Doc. 12)**

In this Motion, Plaintiff claims BMB failed to produce documents responsive to four different requests. The Court will address each of these requests.

1. **Requests Nos. 6 and 8**

These requests seek documents regarding the products BMB manufactures, develops, distributes, markets, and/or sells. BMB objected to the requests as being overly broad, unduly burdensome and seeking confidential information. In response, Plaintiff agreed to limit its request to "a complete listing of all products offered by BMB, with prices redacted." (Doc. 12, p.6). BMB continued to object on the basis of confidentiality but agreed to produce a partial price list with the prices redacted. Additionally, in its response to the Motion to Compel, BMB states that it sells a large number of products for other manufacturers and is bound by certain confidentiality agreements with those manufactures. (Doc. 17, p.2). BMB argues that if it is required to disclose the product information requested by Plaintiff, it would be an undue burden and be in violation of confidentiality agreements with the manufacturers. Id. BMB also states that Plaintiff's request is intended to place a burden on BMB and give Plaintiff an unfair advantage. (Doc. 17, p.3).

Although BMB has not formally sought a protective order, in opposing Plaintiff's Motion to Compel, BMB argues the information sought by Plaintiff should be protected. Accordingly, the Court will proceed as if BMB requested a protective order. Rule 26(c) of the Federal Rules of Civil Procedure allows courts to enter protective orders for good cause shown in order "to protect a party or person from annoyance, embarrassment,

-4-

oppression, or undue burden or expense." Fed.R.Civ.P. 26(c). Rule 26(c)(7) specifically provides that a protective order may be used so "that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way." Fed.R.Civ.P. 26(c)(7). One seeking a protective order carries the burden of showing good cause and/or the right to be protected. See United States v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). This burden "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." Garrett, 571 F.2d at 1326 n.3 (citations omitted).

Accordingly, as the party resisting discovery, BMB has the burden to show that the information sought by Plaintiff is confidential and that disclosure would be harmful. Gober v. City of Leesburg, 197 F.R.D. 519, 521 (M.D. Fla. 2000) (citing, Kaiser Aluminum & Chemical Corp. v. Phosphate Engineering and Const. Co., Inc., 153 F.R.D. 686, 688 (M.D. Fla. 1994)). Only after such a showing is made does the burden shift to the party seeking the discovery to show the information sought is relevant and necessary. Id. In the instant case, BMB has failed to satisfy its burden to show the information sought by Plaintiff is confidential and that disclosure would be harmful. In its response to the Motion to Compel, BMB simply states that it has confidentiality agreements with manufacturers. BMB does not provide any further details regarding the confidentiality agreements. Furthermore, BMB does not explain and the Court cannot imagine how simply revealing the products it sells would violate the confidentiality agreements. Finally, BMB does not provide any explanation as to how

granting this request would be unduly burdensome or give Plaintiff an unfair competitive advantage.  As such, the Court finds BMB has failed to satisfy its burden to resist discovery and will therefore, grant Plaintiff's Motion to Compel.  BMB is ordered to provide Plaintiff with a list of the products it offers no later than **Thursday, May 3, 2007**.

### 2. Request No. 9

This request seeks all documents concerning or identifying BMB's customers and prospective customers from January 1, 2006 to the present, including bills of sale, correspondence and invoices to or from the customers.  BMB objected to providing this information on the basis that it was a trade secret and that many of the customers lie in a geographic area that would not be covered by the non-compete.  (Doc. 12, p.8).  In its response, BMB states that it did provide a partial list of its customers and thereafter, Plaintiff "contacted customers on that [] list attempting to interfere with that known business relationship in violation of the confidentiality agreement filed in this case." (Doc. 17, p.3).

The Court finds BMB has again failed to meet its burden to prohibit the discovery of its customer list.  In any event, the Court is satisfied that BMB's customers are relevant to show that BMB is a competitor of Plaintiff.  While BMB readily admits it is a competitor of Plaintiff, Defendant does not.  Accordingly, Plaintiff will need to show that BMB is a competitor and the customer list will assist Plaintiff in doing so.  Although the Court does not believe BMB has satisfied the burden for a protective order, the Court is concerned by BMB's claims that Plaintiff contacted its customers after receiving the partial customer list.  Therefore, pursuant to Rule 26(c)(7), the Court will put some

restrictions on the disclosure of BMB's customer list.  BMB shall produce its complete customer list to counsel for Plaintiff no later than **Thursday, May 3, 2007**.  BMB shall place the list in a sealed envelope marked "for counsel's eyes only."  Counsel for Plaintiff is instructed to ensure that the list is not disclosed to anyone other than attorneys and employees of attorneys involved in this litigation, who shall use the information solely for purposes of this litigation and who shall ensure that the information is not shared with Plaintiff.

### 3. Request No. 10

This request seeks documents regarding BMB's revenues, realization and profits from January 1, 2006 to the present and includes billing and/or unbilled time and expense records, realization reports, revenue reports, financial reports and utilization reports.  BMB objected to producing this information on the basis of confidentiality.  In response, Plaintiff agreed to limit the request to documents showing "BMB's revenues from BMB's particular customers."  (Doc. 12, p.9).  BMB's response to the Motion to Compel again accuses Plaintiff of trying to obtain this "confidential trade secret information . . . in order to gain an unfair advantage." (Doc. 17, p.4).  In addition, BMB argues the information is not relevant.

Once again, even if the Court were to find BMB satisfied its obligation of showing the information regarding its revenues to be confidential and that disclosure would be harmful, Plaintiff has provided the Court with ample explanation that the revenues from BMB's customers would be relevant.  As such, the Court will require BMB to produce documents showing BMB's revenues from its customers.  However, because the

information will reveal BMB's customers, the Court will again require the information to be disclosed to Plaintiff's attorneys only.  BMB shall produce the responsive documents to counsel for Plaintiff no later than **Thursday, May 3, 2007**.

Plaintiff asks for its expenses in filing the instant motion, however, the Court believes BMB had a reasonable basis for objecting to the discovery requests.  As such, the Court will not award Plaintiff its expenses.

### B. Plaintiff's Motion to Compel Production of Documents from Defendant (Doc. 11)

As the Court is ordering BMB to produce the records Plaintiff sought from both BMB and Defendant, this Motion is now moot.  Both parties ask the Court to award their expenses in filing or responding to the Motion.  As the Court is not granting the Motion, Plaintiff is not entitled to its expenses.  The Court also believes Defendant is not entitled to his expenses.  The Court believes that based on the information Plaintiff learned regarding the ownership and formation of BMB, it was substantially justified in believing that Defendant would have possession of documents regarding BMB's business.

Accordingly, after due consideration, it is

**ORDERED**:

1. Plaintiff's Motion to Compel Production of Documents from Non-Party, BMB Enterprises, Inc. (Doc. 12) is **GRANTED** as provided in the body of this Order.

2. Plaintiff's Motion to Compel Production of Documents From Defendant Curtis J. Humphrey (Doc. 11) is **DENIED as moot**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this   19th   day of April, 2007.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Counsel for Non-party, BMB