UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO: 3:06-cv-893-J-32MCR

| | |
|---|---|
| AMERICAN STANDARD, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CURTIS J. HUMPHREY, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS
FROM NON-PARTIES BMB ENTERPRISES, INC., HOWARD T. LEE, MITCH
MORRIS, BRANDON DAVIS AND CATHERINE HUMPHREY,
WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff, American Standard Inc. ("American Standard" or "Trane"), pursuant to Fed.R.Civ.P. 37(a) and Local Rule 3.01(d), hereby files this Motion to Compel Production of Documents (with Incorporated Memorandum of Law).

**I.     Introduction**

**A.     Nature of Suit**

American Standard has sued its former employee Curtis Humphrey to enforce certain restrictive covenants, including a non-competition covenant, contained in an agreement between American Standard and Humphrey.  Humphrey was previously employed as the Jacksonville District Manager of Trane, a business of American Standard.  As District

Manager, Humphrey ran all of Trane's Jacksonville operations.  Trane is in the business of,

among other things, selling air-conditioning filters and related HVAC supplies.

Humphrey left Trane on February 15, 2006, and received a severance payment in the

amount of $90,000.  Humphrey signed a severance agreement dated January 31, 2006, which

included non-competition and non-solicitation provisions.  The non-competition provision

states:

> For a period of twelve months after your Termination Date,
> you shall not directly or indirectly, engage in or have any
> ownership interest in or financial participation in, or be
> employed by, or offer services to, the same or similar business
> as the Company, or become involved, affiliated or provide
> assistance with any business or person engaged in the same or
> similar business as the Company or which competes in any
> way with the business conducted by the Company as an
> Executive, shareholder, director, officer, agent, partner,
> member, investor, employee, consultant, independent
> contractor, joint venturer, or otherwise in the following
> counties in the state of Florida:  Alachua, Baker, Bradford,
> Clay, Columbia, Dixie, Duval, Franklin, Gadsden, Gilchrist,
> Hamilton, Jefferson, Lafayette, Lake, Leon, Levy, Liberty,
> Madison, Marion, Nassau, Putnam, Saint Johnson, Suwanee,
> Taylor, Union, and Wakulla.  You further agree that you will
> advise any prospective employer of this covenant.

The non-solicitation provision states:

> You agree that for a period of twelve months after your
> employment termination you shall not directly or indirectly,
> solicit any employee of the Company or its affiliates to
> terminate his or her employment.

In March of 2007, the month after Humphrey left American Standard and signed the

non-competition provision, he became employed by BMB Enterprises, Inc. ("BMB"), which

is located in Jacksonville, and sells air conditioning filters and related HVAC supplies.  BMB

has admitted that it is a competitor of Trane.  *See* BMB's response to Plaintiff's Motion to

Compel Production of Documents, filed on April 10, 2007 at ¶ 10 ("It is undisputed that BMB Enterprises and American Standard are competitors.")  Deposition testimony indicates that BMB and Trane are marketing the same products to the same customers, in Jacksonville and elsewhere in Florida, and that BMB has successfully taken business away from Trane.

BMB was formed on or about March 31, 2006, 1 ½ months after Humphrey left Trane.  BMB's corporate records indicate that BMB is owned by: (1) Catherine Humphrey, who is Curtis Humphrey's wife; (2) Howard T. ("Butch") Lee; (3) Mitch Morris; and, (4) Brandon Davis.  All four are former employees of Trane in Jacksonville, and all four worked under Humphrey at Trane.  Humphrey's wife is listed as president of BMB on the corporate records, even though she testified that she has no experience in running a company.  BMB's corporate records indicate that BMB operated out of the Humphrey home until February, 2007.

Humphrey claims to have only a sales role at BMB (which in and of itself is a violation of the non-competition provision), even though the business has been run out of his house.  Humphrey also claims to have no ownership interest in BMB, though his wife admitted at deposition that it was possible that the funds that she invested in BMB may have come from joint bank accounts that she maintains with her husband.

American Standard was forced to file a motion to compel against BMB earlier in this case as a result of BMB's refusal to produce documents pursuant to a subpoena.  In an Order dated April 19, 2007, the Court granted American Standard's motion to compel, and ordered BMB to produce the requested documents.  Catherine Humphrey, Brandon Davis, Howard T.

Lee and Mitch Morris have all been deposed in this case, and all have been represented at deposition by the lawyers who represent BMB.

**B.    American Standard's Subpoenas Duces Tecum**

American Standard served subpoenas duces tecum on:  (1) BMB Enterprises, Inc.; (2) Howard T. Lee; (3) Mitch Morris; (4) Brandon Davis; and, (5) Catherine Humphrey.  Copies of the subpoenas are attached hereto as Composite Exhibit A.

The subpoenas to BMB, Lee, Morris and Davis required production of the requested documents to be made by May 15, 2007.  BMB, Lee, Morris and Davis were served with the subpoenas on April 30, 2007.  Copies of the corresponding affidavits of service are attached as Composite Exhibit B.  BMB, Lee, Morris and Davis have brazenly refused to provide any of the documents requested.  Lee, Morris and Davis served blanket Objections to the subpoenas on May 14, 2007, the day before the required production.  Copies of the three Objections are attached as Composite Exhibit C.  BMB failed to serve anything in response to the subpoena, or to file anything with the Court regarding the subpoena.

Catherine Humphrey avoided service of the original subpoena directed toward her, but was eventually served with a subpoena requiring production to be made on May 30, 2007.  Copies of the applicable affidavits of service are attached as Composite Exhibit D. She failed to make production of the requested documents by May 30, 2007.

All of the documents requested by the subpoenas are relevant to this action, as they call for the production of documents related to Curtis Humphrey, his involvement with BMB, the capital contributions made to BMB, and the loans acquired on behalf of BMB.  Curtis Humphrey has aggressively defended this lawsuit on the basis that his activities at BMB do

not constitute a violation of the non-competition provision.   The source of the financial contributions made to BMB is certainly relevant, considering that the non-competition provision prohibits Humphrey from obtaining an ownership interest in a competitor.   If the "money trail" shows that Humphrey himself contributed funds to BMB, or somehow diverted funds to the other owners so that they could invest in BMB, such evidence would obviously be relevant to this action.

In response to the refusal of BMB and its owners to provide any of the documents requested, counsel for American Standard wrote a letter to counsel for BMB dated May 29, 2007, a copy of which is attached hereto as Exhibit E.   Counsel for American Standard and counsel for BMB conferred via telephone on May 30 and 31, 2007 regarding the failure of BMB, Lee, Morris, Davis, and Catherine Humphrey to produce any responsive documents.   Counsel for BMB wrote a letter dated May 31, 2007, which enclosed some responsive documents.   A copy of that letter is attached as Exhibit F.   In the letter, counsel for BMB stated that, by making the "limited production", he was not "waiving any of the listed objections", which had been filed only by Lee, Morris and Davis.   Counsel for BMB went on to explain that he was making no production as to certain requests, and only "partial" production as to several of the other requests.   As to the remainder of the requests, counsel for BMB stated that there were no responsive documents.   In short, although BMB and the individuals tardily produced some responsive documents, they have failed to fully comply with the subpoenas.

MI:110869v1

As required by Local Rule 3.01(g) and the Court's Case Management Order, and as detailed above, counsel for American Standard has conferred in good faith (in writing and orally) with counsel for BMB to attempt to resolve the instant dispute.  American Standard files this motion seeking to compel production of documents that are important to American Standard's claims.

**II.     Argument**

Under Fed. R. Civ. P. 45(c)(2)(B), a party serving a subpoena may upon notice to the person commanded to produce, move for an order to compel the production.  As explained below, BMB and its owners should be compelled to produce all of the responsive documents in its possession.  The Court should also sanction BMB and its owners for their refusal to comply with the subpoenas.

**<u>The BMB Subpoena</u>**

The subpoena to BMB requests the production of the following categories of relevant documents:

> 1.     Any and all written communications, including e-mail communications, from January 1, 2006 to the present to or from Curtis Humphrey.

> 2.     Any and all documents prepared by Curtis Humphrey while an employee of BMB Enterprises, Inc. from January 1, 2006 to the present.

> 3.     BMB Enterprises, Inc.'s 2005 and 2006 income tax returns, including any and all schedules, worksheets, and other materials related to those returns.

> 4.     All documents reflecting BMB Enterprises, Inc.'s business plans or strategies from January 1, 2006 to the present.

The documents requested in the subpoena are clearly relevant to this case, and are unprivileged.  The first two requests call for documents pertaining to Curtis Humphrey and BMB's employment of Curtis Humphrey, and the requests are limited to the relevant time-period.  Such documents are obviously relevant to this action.

BMB failed to timely produce any of the requested documents, and failed to serve an objection to the subpoena, or to file any motion with the Court regarding the subpoena.  Rule 45(c)(2)(B) Fed.R.Civ.P. requires a party to serve an objection to a subpoena "within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service…"  The failure to timely serve a written objection to a subpoena constitutes a waiver of such objections.  <u>See, e.g.</u>, <u>Angell v. Shawmut Bank Connecticut Nat'l Assoc.</u>, 153 F.R.D. 585, 590 (M.D.N.C. 1994); <u>American Electric Power Co., Inc. v. U.S.</u>, 191 F.R.D. 132, 136 (S.D. Ohio 1999).  Here, BMB has waived any objections it may have raised to the subpoena.  The Court should require BMB to produce all of the requested documents, and should sanction BMB for its blatant disregard of the subpoena.

The only document that BMB produced in its May 31, 2007 production was its 2006 income tax return, with associated schedules, which is responsive to Request 3.  BMB stated that no 2005 return exists.  However, the request also called for "worksheets, and other materials related to" the tax return.  BMB failed to state whether such documents exist. BMB should be compelled to produce those documents if they exist.

In the letter dated May 31, 2007, BMB's counsel stated that "there are no responses to Numbers 1, 2 or 4".  That explanation, particularly as to requests 1 and 2, is difficult to believe.  Request 1 calls for all written communications, including e-mail, to or from Curtis

Humphrey, and Request 2 calls for all documents prepared by Humphrey.  Curtis Humphrey has testified that he is a salesperson who works in the office every day, fills orders for customers, purchases inventory, tracks BMB's computerized inventory system, and so forth. One of the documents produced as part of the May 31 production is a document that references Humphrey's BMB e-mail address, Curtis@BMB.net.  It is simply impossible that BMB is in possession of no e-mails or other written documents to or from Humphrey or prepared by Humphrey.  BMB should be compelled to produce all e-mail to or from Humphrey's BMB e-mail address, along with any other written correspondence to or from him.  BMB should also be compelled to produce all written materials prepared by Humphrey. Such communications and documents will show what Curtis Humphrey does on a day-to-day basis, and are certainly relevant to this claim.

Finally, Request 4 calls for documents related to BMB's business plans and strategies.  This request is broader than a request for formal business plans, so it is inconceivable that BMB lacks any documents reflecting its business plans and strategies. The requested documents would enable American Standard to show that BMB is a competitor of American Standard.  Moreover, it is American Standard's contention that Curtis Humphrey formed BMB, and is the individual who would develop such business plans and strategies for BMB.   Documents reflecting Curtis Humphrey's involvement in formulating such plans would certainly be relevant to this action.

In conclusion, BMB has no excuse for its failure to produce the requested documents. The Court should enter an order requiring BMB to produce the requested documents, and sanction BMB for its refusal to comply with the subpoena.

MI:110869v1

## The Subpoenas to the Individual Owners of BMB

The subpoenas to Lee, Morris, Davis and Catherine Humphrey request the production of the following categories of relevant documents:

1.      Any and all documents reflecting all payments made by BMB Enterprises, Inc. to you to date, including, but not limited to all pay stubs, payroll records, 1099s, W-2's, and any other similar documents.

2.      Your 2005 and 2006 personal income tax returns, including any and all schedules, worksheets, and other materials related to those returns.

3.      Your personal banking statements from November 1, 2005 through July 31, 2006, including statements for all checking, savings, retirement, investment, brokerage, and any other bank accounts, including joint accounts.

4.      Any and all documents reflecting loans, including, but not limited to, first and second mortgages, business and personal loans, and lines of credit, which you have applied for, co-signed, or obtained, either personally or jointly, from November 1, 2005 through July 31, 2006.

5.      Any and all documents reflecting capital contributions or other types of financial contributions made by you to BMB Enterprises, Inc. from November 1, 2005 through July 31, 2006.

6.      Any and all documents and communications (including e-mail) concerning the formation of BMB Enterprises, Inc., including all documents and communications reflecting discussions and meetings held prior to the formation of BMB Enterprises, Inc.

7.      Any and all documents and communications (including e-mail) concerning Curtis Humphrey's employment or association with BMB Enterprises, Inc.

Lee, Morris and Humphrey served identical blanket objections to the subpoenas.

Catherine Humphrey has thus far failed to serve any responsive documents or serve an

- 9 –

objection.  The May 31, 2007 letter indicates that the individuals refuse to waive any of their listed objections.

The individuals objected to the subpoenas on six general grounds:  (1)  the documents requested are irrelevant under Rule 26 Fed. R. Civ .P.; (2) the documents requested are "privileged" and "private" under Rule 26 Fed. R. Civ. P.; (3)  the subpoena "is unreasonable, cumulative and (the documents) can be obtained from other sources…"; (4) the Plaintiff can obtain the same information from BMB; (5) the subpoena requires the production of documents more than 100 miles from where the individuals reside; and, (6) the subpoena is an "undue burden" on the individuals.

The above non-specific objections fail to comply with Rule 45(c)(2)(b) Fed.R.Civ.P., which requires objections to meet the standard contained in Rule 45(d)(2) Fed.R.Civ.P.  That rule provides that claims that documents are "privileged or subject to protection" must "be made expressly and shall be supported by a description of the nature of the documents…that is sufficient to enable the demanding party to contest the claim".  The objections in this case fall well short of this standard.  Indeed, the general objections in this case are the type of objections which courts have found constitute a waiver of whatever privileges may apply. See Universal City Development Partners, Ltd. v. Ride & Show Engineering, Inc., 230 F.R.D. 688 (M.D. Fla. 2005) (General objections insufficient to preserve privileges).

Although it is difficult for American Standard to respond to the six enumerated general objections because they are non-specific, a cursory review of these general objections indicates that they are without merit.  With respect to the first general objection, the individuals fail to explain why the requested information is irrelevant, or to state why they, as

- 10 –

non-parties, have the authority to object on the basis of relevance.  In any event, the documents requested are clearly relevant to this action.  Requests 1 – 5 call for the production of financial information which will show the financial contributions made to BMB, the loans acquired to form and support BMB, and so forth.  Such information is essential to American Standard's case because American Standard believes that Curtis Humphrey himself financed the formation of BMB.  As previously stated, Catherine Humphrey testified that her monetary investment in BMB may have come from checking accounts jointly maintained by the Humphreys.  Catherine Humphrey's personal financial information, is clearly relevant to this case.

The May 31, 2007 letter indicates that the individuals have made a "partial" production in response to requests 1, 4 and 5, but no response at all to requests 2 and 3.  The partial production consisted almost entirely of documents reflecting loan and credit applications for BMB, which are all responsive to request 4.  The individuals, however, produced none of the personal financial information requested.  The Court should compel the individuals to make a full production of all documents responsive to requests 1-5.

Requests 6 and 7 call for the production of documents that relate to the formation of BMB, and to Curtis Humphrey's employment with BMB.  Such documents are obviously relevant.  The May 31, 2007 letter states that "there are no responses to be produced" to those requests.  If, by that, the individuals mean that they have no responsive documents in their possesion, American Standard accepts that representation.

- 11 –

In any event, the remainder of the objections are without merit.  With respect to the second general objection, the individuals fail to state how the requested documents are "privileged".  Some of the documents may include personal financial information, but privacy alone is no basis for an objection.  Moreover, the confidentiality stipulation already in place in this case will protect the confidentiality of these documents.

The third general objection is that the subpoena "is unreasonable, cumulative and can be obtained from other sources…"  The individuals fail to explain how the subpoena is "unreasonable" or "cumulative".  As already explained, the documents requested are relevant, and the requests are limited to a reasonable time period.

Objection 4 is that American Standard is able to obtain the same documents from BMB.  That is incorrect because many of the documents would only be in possession of the individual owners.  Moreover, BMB has refused at every turn to produce documents in this case.  Finally, the individuals are officers and owners of BMB, and represented by the same counsel as BMB, so requiring the individuals to produce these documents in conjunction with BMB would impose no burden on the individuals.

The fifth objection is that the subpoenas require the individuals to produce documents more than 100 miles from Jacksonville.  In the letter dated, May 29, 2007, American Standard's counsel stated that BMB could produce the requested documents in Jacksonville, and that American Standard, at its own expense, would retrieve the documents there.  This is consistent with the offer American Standard made previously in connection with the dispute regarding American Standard's first subpoena to BMB.  Accordingly, the individuals lack justification for refusing to produce the documents on this basis.

MI:110869v1

Finally, the final objection is that the subpoenas impose an "undue burden" on the individuals because the subpoena is a "blanket request", is overly broad, unnecessarily duplicative and apparently designed merely to harass the witness".   Whether a subpoena imposes an "undue burden" upon a person is a factual inquiry that involves "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed".   Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 53 (S.D.N.Y. 1996) (quoting United States v. Int'l Bus. Mach. Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979). The objections here fail to provide any evidence of undue burden.   As stated, all of the requests are reasonable in time and designed to elicit relevant information.   The documents requested are specifically explained, and are necessary to American Standard's case.   The claim of "undue burden" is without merit.

In conclusion, the individuals' blanket, general objections are insufficient to justify their refusal to produce the requested documents.  The Court should enter an order requiring Lee, Morris, Davis, and Catherine Humphrey to produce all of the requested documents, and sanction them for their refusal to comply with the subpoena.

MI:110869v1

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 3.01(G)</u>

I HEREBY CERTIFY that the undersigned has conferred with counsel for the non-parties in a good faith effort to resolve the issues raised by this motion counsel for the parties have been unable to resolve the issues raised in this motion.


Dated: June 1, 2007                              Respectfully submitted,


<u>s/ Kevin E. Vance</u>
Richard D. Tuschman
Florida Bar No. 907480
rtuschman@ebglaw.com
Kevin E. Vance
Florida Bar No. 0670464
kevance@ebglaw.com
EPSTEIN BECKER & GREEN, P.C.
Suite 2100, Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Tel: (305) 982-1520
Fax: (305) 982-1521
Counsel for Plaintiff

- 14 –

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 1st day of June, 2007, I electronically filed the foregoing document with the Clerk of the Court pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases of this Court by using the CM/ECF System which will send notice of the electronic filing and complete service of the foregoing as required by Fed. R. Civ. P. 5 to M. Scott Thomas, Esquire of Thomas & Lawrence, P.A. at 300 West Adams Street, Suite 400, Jacksonville, Florida 32202; and Michael Bowlus, Esq., Ford Bowlus Duss, et. al., 10110 San Jose Boulevard, Jacksonville, FL  32257.

**s/ Kevin E. Vance**

Kevin E. Vance

MI:110869v1