UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

American Standard Inc.,

        Plaintiff,

vs.                                Case No.  3:06-cv-893-J-32MCR

Curtis J. Humphrey,

        Defendant.

_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Production of

Documents From Defendant Curtis J. Humphrey (Doc. 20) and Plaintiff's Motion to

Compel Production of Documents from Non-Parties (Doc. 22) filed June 1, 2007.

Defendant filed a response in opposition to this Motion (Doc. 27) on June 21, 2007 and

the non-parties filed their response (Doc. 24) June 11, 2007.  Accordingly, the matter is

now ripe for judicial review.

## I.  BACKGROUND

In this case, Plaintiff, American Standard, Inc., alleges Defendant, Curtis J.

Humphrey, breached certain restrictive covenants contained in an agreement between

the two.  Defendant was employed by Plaintiff until February 15, 2006 at which time,

Defendant signed a severance agreement (the "Severance Agreement") which provided

him with a severance payment in the amount of $90,000.00 and contained non-compete

and non-solicitation provisions.  Plaintiff alleges Defendant is now employed by BMB

Enterprises, Inc. ("BMB"), a direct competitor of one of Plaintiff's divisions.  Plaintiff

alleges BMB was formed less than two months after Defendant left Plaintiff's employ, is

owned by Defendant's wife, Catherine Humphrey, and was operated out of Defendant's

home until 2007.  Plaintiff alleges that BMB's corporate records reveal it is owned by

Mrs. Humphrey, Howard T. Lee, Mitch Morris and Brandon Davis.  According to Plaintiff,

all four of these individuals are former employees of Plaintiff's.  Defendant denies that

BMB is a competitor of Plaintiff although BMB has admitted it is a competitor of

Plaintiff's.  (See Doc. 17, p.2).

On April 27, 2007, Plaintiff served Defendant with its Second Request for

Production.  (Doc. 20, Ex. A).  Plaintiff claims that Defendant improperly objected to

three of the requests.  Additionally, Plaintiff served subpoenas duces tecum upon non-

parties, BMB, Catherine Humphrey, Howard T. Lee, Mitch Morris and Brandon Davis.

Again Plaintiff contends the non-parties failed to properly respond to the subpoenas and

therefore, Plaintiff filed the instant motions to compel.

## II.  ANALYSIS

Motions to compel discovery under Rule 37(a) are committed to the sound

discretion of the trial court.  See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729,

731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders

will be sustained absent a finding of abuse of that discretion to the prejudice of a party.

See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the

disclosure of all relevant information so that the ultimate resolution of disputed issues in

any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

The Court will first address Plaintiff's Motion to Compel directed toward Defendant.

**A.    Plaintiff's Motion to Compel Production of Documents from Defendant, Curtis Humphrey (Doc. 20)**

In its Motion to Compel, Plaintiff claims Defendant improperly objected to three of its requests for production of documents.  The specific requests are:

> 2.    Your 2005 and 2006 personal income tax returns, including any and all schedules, worksheets, and other materials related to those returns.
> 3.    Your personal banking statements from November 1, 2005 through July 31, 2006, including statements for all checking, savings, retirement, investment, brokerage, and any other bank accounts, including joint accounts.
> 4.    Any and all documents reflecting loans, including, but not limited to, first and second mortgages, business and personal loans, and lines of credit, which you have applied for, co-signed, or obtained, either personally or jointly, from November 1, 2005 through July 31, 2006.

(Doc. 20, pp. 3-4).  In his response, Defendant indicates he has withdrawn his objection to request number 4 and will produce responsive documents.[1]  Accordingly, the Court will only address requests 2 and 3.  Defendant claims these requests are overbroad and

---

[1] Defendant is directed to do so no later than **Friday, June 29, 2007**.

not reasonably calculated to lead to the discovery of admissible evidence.  (Doc. 27, p.1).  Specifically, Defendant objects to producing both his tax returns and banking statements on the grounds that they are not relevant in the manner Plaintiff alleges. Plaintiff claims this information will help show Defendant has an ownership interest in BMB.  Defendant takes the position that it is not relevant whether Defendant has such an interest because Plaintiff never made such a claim in its Complaint.  Instead, Defendant argues, Plaintiff's claims are based on Defendant engaging in "unfair competition" by using "client contacts and inside pricing information to solicit its existing customers."  (Doc. 27, p.5).  While an interesting argument, the Court finds it without merit.  Plaintiff's Complaint alleges breach of contract (namely, the Separation Agreement).  The Separation Agreement contains a non-compete provision preventing Defendant from having an ownership interest in any competing business.  Additionally, in its prayer for relief, Plaintiff asks that Defendant be enjoined from having any "ownership interest in or financial participation in" an entity which competes with Plaintiff.  (Doc. 2, p. 4).  The Court believes Plaintiff's Complaint sufficiently alleges a breach of contract based on an alleged ownership interest sufficient to render the financial information relevant.

Defendant also objects to providing his personal financial information on the grounds that any agreement preventing Defendant from having such an ownership interest would violate Florida Statute §542.335.  This is an argument Defendant is free to make in a dispositive motion, however, is not sufficient to prevent discovery of relevant information.

Defendant also argues he should not be required to turn over his bank statements because they will not provide any information regarding transactions between Defendant and BMB because they simply show a check number and amount. The Court does not believe this is a sufficient reason to prevent the discovery. The statements may lead Plaintiff to the discovery of further relevant information and therefore, should be provided to Plaintiff.

Finally, Defendant claims the request for his tax returns is unreasonably cumulative and duplicative. (Doc. 27, p.6). Defendant argues Plaintiff has already received the information contained in the tax returns through other discovery requests. For example, Plaintiff's first request asked for all documents reflecting payments made by BMB to Defendant, including pay stubs, payroll records and W-2's. Defendant agreed to produce such documents. If turning over the 2006 tax return involved any burden on Defendant, the Court might be inclined to agree with Defendant, however, because there is a possibility that the tax return may contain some information that Defendant may not have maintained and therefore, cannot provide in responding to the first request and because providing the tax return is not burdensome, the Court will direct Defendant to provide a copy of his 2006 tax return to Plaintiff.

The Court understands Defendant's concern in turning over private financial materials, however, Defendant has not shown that the production of this relevant information would be harmful. Gober v. City of Leesburg, 197 F.R.D. 519, 521 (M.D. Fla. 2000) (holding that the party resisting discovery has the burden to show that the information sought is confidential and that disclosure would be harmful) (citing, Kaiser

Aluminum & Chemical Corp. v. Phosphate Engineering and Const. Co., Inc., 153 F.R.D. 686, 688 (M.D. Fla. 1994)).  The parties are free to enter into a confidentiality agreement in which they agree not to disclose confidential information to anyone other than the parties and representatives of the parties.  In any event, the Court directs Plaintiff to refrain from any public disclosure of Defendant's financial information and to utilize the information for purposes of this litigation only.  Defendant is directed to provide the above-referenced discovery no later than **Friday, June 29, 2007**.

**B.**     **Plaintiff's Motion to Compel Production of Documents from Non-Parties (Doc. 22)**

In this Motion, Plaintiff claims the non-parties, BMB, Catherine Humphrey, Howard T. Lee, Mitch Morris and Brandon Davis failed to produce documents responsive to the subpoenas served by Plaintiff.  In its motion, Plaintiff addresses the subpoenas to BMB and the individual owners of BMB separately.  The Court will do the same.

**1.**     **Subpoena to BMB**

In the subpoena to BMB, Plaintiff requested four categories of documents:

> 1.     Any and all written communications, including e-mail communications, from January 1, 2006 to the present to or from Curtis Humphrey.
> 2.     Any and all documents prepared by Curtis Humphrey while an employee of BMB Enterprises, Inc. from January 1, 2006 to the present.
> 3.     BMB Enterprises, Inc.'s 2005 and 2006 income tax returns, including any and all schedules, worksheets, and other materials related to those returns.
> 4.      All documents reflecting BMB Enterprises, Inc.'s business plans or strategies from January 1, 2006 to the present.

(Doc. 22, p.6).  According to Plaintiff, BMB was served with the subpoena on April 30, 2007 and was therefore, required to file any objections regarding the subpoena on or before May 15, 2007.  BMB did not respond to the subpoena, so on May 29, 2007, counsel for Plaintiff sent a letter to counsel for BMB and inquired into the failure of BMB to respond.  On May 31, 2007, counsel for BMB sent a partial response consisting of BMB's 2006 income tax return and the associated schedules.  BMB stated it did not have a tax return for 2005 and did not have any responsive documents to the other three requests.  Plaintiff filed the instant motion arguing that BMB must have responsive documents to requests 1, 2 and 4 and that BMB should have produced "worksheets and other materials related to" its 2006 tax return.  (Doc. 22, p. 7).

In its response to the Motion to Compel, BMB does not take the position that it has no responsive documents to requests 1 and 2.  Instead, BMB argues that those requests seek irrelevant material, are overly broad and would pose an undue burden upon BMB.  (Doc. 24, p.4).  Plaintiff takes the position that BMB cannot raise such objections because it failed to do so within fourteen days of being served with the subpoena as provided in Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure. Plaintiff is correct that a non-party served with a subpoena duces tecum must serve objections in writing to the requesting party's counsel within 14 days of service of the subpoena.  See Fed.R.Civ.P. 45(c)(2)(B).  Here, BMB does not dispute that it failed to comply with that rule.  However, "it is not immediately apparent whether the failure to do so results in a waiver of the privilege claimed." In re Accutane Products Liability Litigation,  2006 WL 1281598, *1 (M.D. Fla. 2006).  As the Accutane court noted, the

Eleventh Circuit has not addressed this issue but the majority of jurisdictions who have find that it typically does result in a waiver.  Id. (citing cases).  However, the court noted that "in unusual circumstances and for good cause, the failure to act timely may not bar consideration of objections."  Id. (citing, American Elec. Power Co. v. U.S., 191 F.R.D. 132,136-37 (S.D. Ohio 1999); Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 48 (S.D.N.Y.1996)).  Such unusual circumstances have been found where "(1) the subpoena is overbroad on its face and exceeded the bounds of fair discovery, (2) the subpoenaed witness is a non-party acting in good faith, and (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena."  Id. *1, f.n. 4.  Because the Court finds the subpoena was overbroad on its face and that BMB was acting in good faith, it hesitates to find that BMB waived its objections and will consider BMB's objections.

With respect to the first request, the Court finds this request is not overly broad nor would it impose an undue burden on BMB.  Unlike the requests in United Technologies Corp. v. Mazer, 2007 WL 788877 (S.D. Fla. 2007), cited by BMB, this request contains a reasonable time limitation and some direction as to what documents Plaintiff is seeking.  Plaintiff seeks communications to or from Defendant.  The Court construes this to mean letters, e-mails or memos to or from Mr. Humphrey from January 1, 2006 to the present and will direct BMB to conduct a search for these documents and to provide them to Plaintiff on or before **Friday, June 29, 2007**.

As for the second request, the Court finds it to be overly broad and unduly burdensome. This request seeks all documents prepared by Defendant while an employee for BMB. This request does not provide any guidance regarding what sort of "documents" it is seeking and therefore would impose an undue burden on BMB to try to identify and locate all documents created by Defendant. Accordingly, the Court will not require BMB to respond to this discovery request.

Regarding the third request, Plaintiff asserts that BMB should have produced "worksheets and other materials related to" the 2006 tax return. (Doc. 22, p.7). BMB states that "[n]o other documentation exists." (Doc. 24, p.4). As such, the Court will deny Plaintiff's Motion to Compel with respect to the third request in the subpoena to BMB.

Finally, BMB also asserts that it has no documents responsive to Plaintiff's fourth request as BMB "is a small, closely held corporation and is not required to keep business plans and strategies in a written and documented format." (Doc. 24, p.4). Like Plaintiff, the Court has a hard time believing BMB does not have documents responsive to this request. While BMB may not have a formal business plan, the request seeks more informal documents reflecting BMB's plans or strategies. Counsel for BMB is directed to make another search in order to locate responsive documents. Counsel and BMB are reminded that there are severe consequences for individuals who do not cooperate in discovery. If after a diligent search, no such documents are identified, counsel for BMB shall serve a notice upon counsel for Plaintiff indicating that

no documents responsive to request four were located.  This notice shall be served no

later than **Friday, June 29, 2007**.

      2.    **Subpoenas to Individual Owners of BMB**

    The subpoenas sent to the individual owners of BMB sought seven categories of

documents:

> 1.    Any and all documents reflecting all payments made by BMB Enterprises, Inc. to you to date, including, but not limited to all pay stubs, payroll records, 1099s, W-2's, and any other similar documents.
> 2.    Your 2005 and 2006 personal income tax returns, including any and all schedules, worksheets, and other materials related to those returns.
> 3.    Your personal banking statements from November 1, 2005 through July 31, 2006, including statements for all checking, savings, retirement, investment, brokerage, and any other bank accounts, including joint accounts.
> 4.    Any and all documents reflecting loans, including, but not limited to, first and second mortgages, business and personal loans, and lines of credit, which you have applied for, co-signed, or obtained, either personally or jointly, from November 1, 2005 through July 31, 2006.
> 5.    Any and all documents reflecting capital contributions or other types of financial contributions made by you to BMB Enterprises, Inc. from November 1, 2005 through July 31, 2006.
> 6.    Any and all documents and communications (including email) concerning the formation of BMB Enterprises, Inc., including all documents and communications reflecting discussions and meetings held prior to the formation of BMB Enterprises, Inc.
> 7.    Any and all documents and communications (including email) concerning Curtis Humphrey's employment or association with BMB Enterprises, Inc.

(Doc. 22, p.9).  Messrs Lee, Morris and Davis responded to the subpoenas by objecting

to each request.  Specifically, they objected on the basis that the subpoenas sought

irrelevant information and documents that could be obtained from other sources

(namely from BMB or Defendant), the subpoenas were unduly burdensome and the

documents requested were privileged or private.[2]  The Court agrees that requests

numbers 2, 3 and 4 are overly broad and seek information that is not relevant with

respect to Messrs Lee, Morris and Davis.  Although Plaintiff argues these requests "call

for the production of financial information which will show the financial contributions

made to BMB [and] the loans acquired to form and support BMB" (Doc. 22, p.11),

Plaintiff does not show how requests 2 through 4, which seek personal financial

information with no relation to BMB would be relevant.  Instead, Plaintiff can obtain any

information about the financing for BMB from request number 5.  Plaintiff goes on to

state that Catherine Humphrey testified that the monetary investment she made in BMB

may have come from a joint checking account she shares with her husband and

therefore, her personal financial information is relevant.  While Ms. Humphrey's financial

information may be relevant, such is not the case for Messrs. Lee, Morris and Davis.  As

such, the Court will deny the Motion to Compel insofar as it relates to Messrs. Lee,

Morris and Davis and requests 2, 3 and 4.[3]  These individuals should, however, respond

to request 5 to the extent they have not done so.  Mrs. Humphrey, on the other hand,

will be required to respond to requests 1, 2, 3, 4  and 5.  Her testimony that she may

have made financial contributions to BMB from joint accounts makes her financial

information very relevant.  Additionally, she did not object to the requests nor has she

---

[2]  Ms. Humphrey did not respond to the subpoena at all.

[3]  Additionally, the Court is not convinced that request 1 seeks relevant information.  Plaintiff has not shown how the individual owners' income from BMB is relevant and therefore, the Court will not require that Messrs Lee, Morris and Davis respond to this request.

met her burden of showing that the information requested is either privileged/confidential or would be unduly burdensome to produce.  <u>Gober</u>, 197 F.R.D. at 521.  The non-parties shall produce the requested information on or before **Friday, June 29, 2007**.

As for requests 6 and 7, the non-parties assert that they have no responsive documents and Plaintiff indicates it accepts such a response.  Accordingly, the Court will deny the Motion to Compel as it relates to these requests.

Accordingly, after due consideration, it is

**ORDERED**:

1.      Plaintiff's Motion to Compel Production of Documents From Defendant Curtis J. Humphrey (Doc. 20) is **GRANTED** as provided in the body of this Order.

2.      Plaintiff's Motion to Compel Production of Documents from Non-Parties (Doc. 22) is **GRANTED in part** as provided in the body of this Order.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  22nd  day of June, 2007.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Counsel for Non-parties, BMB,
        Catherine Humphrey, Howard T. Lee,
        Mitch Morris and Brandon Davis